UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TODD WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:23-cv-0183-TAV-SKL |
| | ) | |
| KILOLO KIJAKAZI | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion [Doc. 2] and application to proceed *in forma pauperis* ("IFP") [Doc. 2-1] filed by Plaintiff Todd Walsh ("Plaintiff"). Plaintiff's complaint [Doc. 1] seeks review of the Commissioner of Social Security's decision to deny him disability benefits. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See, e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit him to pay for the costs of the litigation and also be able to provide the necessities of life for himself and his dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's IFP application does not show he is unable to pay the $402.00 filing fee while

still affording the necessities of life. Plaintiff represents he is retired and receives a pension in the amount of $3,880.50 per month and received worker's compensation payments in the amount of $1,157.85 per week in the last 12 months. Such income should be sufficient to pay the filing fee and afford the necessities of life given that Plaintiff lists his total monthly expenses as $1,666.96, although he did not list any utilities, fuel costs, home insurance, or food costs. Plaintiff also states he has $1,259.78 in a checking or savings account and listed only one debt, a balance of $5,900 on a credit card. Plaintiff may have other debts as he also listed as two of his four monthly expenses a monthly mortgage payment of $761.76 on a home Plaintiff estimates to be worth $390,000.00 and a car payment of $475.00 per month on a vehicle that he estimates to be worth $30,000.00. Though Plaintiff may not have been as detailed as he should have been in his IFP application, his lack of unusual expenses, his current checking account balance of $1,259.78, and his pension income indicate he can pay the filing fee while still affording the necessities of life.

Accordingly, I **RECOMMEND** the motion [Doc. 2] and IFP application [Doc. 2-1] be **DENIED** and that he be assessed the filing fee if he wishes to pursue this action.[1]

**ENTER**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).